UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NASHAY BLACK, Individually and on behalf of all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>7714 ENTERTAINMENT, CORP. d/b/a CLUB VANITY GENTLEMEN'S CLUB and JOHN DOES 1-3,<br><br>Defendant. | ECF CASE<br><br>No.: _____<br><br><u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Nashay Black worked for 7714 Entertainment, Corp. d/b/a Club Vanity Gentlemen's Club ("Club Vanity") as an entertainer at its gentlemen's club from October 2019 to March 2020 and from June 2021 to July 10, 2021.[1]

2. Plaintiff Black alleges, on her behalf and other similarly situated current and former employees of Club Vanity, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Club Vanity willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (iii) failing to provide proper wage statements under N.Y. Lab. Law § 195.3, (iv) unlawfully retaining gratuities, and (v) unlawfully retaining part of their wages.

3. Plaintiff Black alleges, on her behalf and other similarly situated current and former employees of Club Vanity and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Club Vanity willfully

---

[1] The date ranges are estimates based on Plaintiff Black's memory.

violated the FLSA by (i) failing to pay the minimum wage, and (ii) unlawfully retaining gratuities.

4. Plaintiff Black asserts an individual claims of negligent supervision against Club Vanity and assault and battery claims against John Does 1-3.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Black's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Black's FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Black was, at all relevant times, an adult individual residing in the Bronx, New York.

9. Upon information and belief, Club Vanity is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

10. Upon information and belief, Club Vanity employs more than 11 employees.

11. Club Vanity is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Club Vanity is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has

employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, stereo equipment and beverages.

12. John Does 1-3 are Club Vanity employees who Plaintiff Black does not know their names.

## STATEMENT OF FACTS

13. Club Vanity operates and manages a gentlemen's lounge in Queens, New York where women dance semi-nude and fully nude.

14. Club Vanity employed Plaintiff Black as an entertainer from October 2019 to March 2020 and from June 2021 to July 10, 2021.[2]

15. At any one time, 50 entertainers are also working at Club Vanity.

16. Club Vanity has employed John Does 1-3 as bouncers.

Duties Performed[3]

17. As an entertainer, Plaintiff Black's primary duties included performing on stage, providing private dances and pole dancing.

18. Plaintiff Black was not permitted to and did not use discretion or independent judgment in performing any significant duties.

19. Plaintiff Black was closely and strictly supervised by her manager Norman (last name unknown) and had to follow strict guidelines. He, for example, regularly

---

[2] Plaintiff Black did not work at Club Vanity from March 2020 to June 2021 because the club was closed due to COVID-19 restrictions.
[3] These subject lines are included only for organizational purposes.

directed her to dance on stage and fired her for not following his directions.

20. Norman also required Plaintiff Black to wear lingerie or bikinis to work as well as high heels with six-inch or greater heels.

Hours Worked

21. Throughout her employment, Plaintiff Black regularly worked from 7:00 p.m. to 4:00 a.m., three days per week, totaling 27 hours per week. She, however, worked from 9:00 p.m. to 4:00 a.m. once a month.

22. Club Vanity did not provide Plaintiff Black with a meal break.

Hourly Rate, Gratuities and House Fees

23. Club Vanity failed to pay Plaintiff Black *any* wages during her employment.

24. Plaintiff Black regularly received tips from customers.

25. Club Vanity retained half of the tips Plaintiff Black received while working in Club Vanity's private rooms.

26. Club Vanity required Plaintiff Black to pay a house fee in advance of each shift she worked, which varied if she was working weekdays or weekends.

27. Club Vanity required Plaintiff Black to pay the following house fees for weekdays: it required her to pay it $40 if she arrived at work at 7:00 p.m.; $50 if she arrived at 8:00 p.m.; or $70 if she arrived at 9:00 p.m.

28. Club Vanity required Plaintiff Black to pay the following house fees for weekends: it required her to pay it $55 if she arrived at work at 7:00 p.m.; $65 if she arrived at 8:00 p.m.; and $85 if she arrived at 9:00 p.m.

29. From speaking with them and personal observations, Plaintiff Black

knows that Club Vanity did not pay other entertainers, like her, any wages, retained their tips, and required them to pay house fees.

Labor Law Notice Violations

30. Club Vanity did not provide Plaintiff Black with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point in her employment.

31. Club Vanity did not provide Plaintiff Black with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

32. From speaking with them, Plaintiff Black knows that other entertainers, like her, were not given the required Labor Law Notices.

Negligent Supervision

33. On August 7, 2021, when Plaintiff Black arrived at Club Vanity for her shift, three or four bouncers (John Does 1-3) told her that she could not work because she had been fired. This surprised her because she spoke to the owner, Milos, several days earlier and he told her that he did "not have a problem with [her] or with [her] working at Club Vanity." She, thereafter, took out her phone and started to record the interaction with the bouncers, at which time one of the bouncers pushed her phone into her chest and told her that she could not record him. The bouncers then touched her butt and pulled out a bat – suggesting that they would hit her with it if she did not leave and stop recording them.

34. On August 8, 2021, when Plaintiff Black returned to Club Vanity for work, the bouncers (John Does 1-3) again told her that she could not work because Milos told them she was fired. She responded that no one had told her she was terminated and

then proceeded to walk into the dressing room to get ready for her shift. The bouncers then came into the dressing room, touched her private parts, pulled out a taser and stole belongings from her bag.

35. Club Vanity knew or should have known that the bouncers assaulted Plaintiff Black.

## CLASS ACTION ALLEGATIONS

36. Plaintiff Black asserts these allegations and claims on her own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Club Vanity employs or has employed who were entertainers or other comparable positions with different titles, including "dancer" at any time since August 26, 2015 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

37. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Club Vanity's sole control, upon information and belief, more than 200 Class Members exist.

38. Plaintiff Black's claims are typical of the Class Members', and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

39. Club Vanity has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

40. Plaintiff Black is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

41. Plaintiff Black has the same interest in this matter as all other Class Members and her claims are typical of the Class Members'.

42. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

   a. whether Club Vanity employed the Class Members within the meaning of the Labor Law;

   b. whether Club Vanity failed to keep true and accurate time records for all hours worked by the Class Members;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Club Vanity misclassified the Class Members as independent contractors;

   e. whether Club Vanity maintained adequate records of the tips that the Class Members received;

   f. whether Club Vanity required the Class Members to pay house fees;

   g. whether Club Vanity failed to the Class Members any wages;

   h. whether Club Vanity withheld gratuities under the Labor Law, violating N.Y. Lab. Law § 196-d;

   i. whether Club Vanity failed to provide the Class Members the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

  j. whether Club Vanity failed to provide the Class Members the required statement with each payment under N.Y. Lab. Law § 195.3;

  k. whether Club Vanity failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Black and the Class Members are employed;

  l. whether Club Vanity is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

  m. whether Club Vanity should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

43. Under 29 U.S.C. § 206, Plaintiff Black seeks to asserts these allegations and claims as a collective action:

> All persons whom Club Vanity employs or has employed who were entertainers or other comparable positions with different titles, including "dancer" at any time since August 26, 2018 to the entry of judgment in this case (the "Collective Action Period") who were non-exempt employees under the FLSA (the "Collective Action Members")

44. Plaintiff Black and the Collective Action Members are similarly situated on several legal and factual issues, including:

  a. Club Vanity employed the Collective Action Members within the meaning of the FLSA;

  b. The Collective Action Members performed similar duties;

  c. Club Vanity willfully or recklessly violated the FLSA;

  d. Club Vanity withheld tips or gratuities from Plaintiff Black and the

Collective Action Members;

  e. Club Vanity failed to pay Plaintiff Black and the Collective Action Members any wages; and

  f. Club Vanity misclassified Plaintiff Black and the Collective Action Members as independent contractors.

FIRST CAUSE OF ACTION
UNPAID MINIMUM WAGES UNDER THE FLSA
(On Behalf of Plaintiff Black and the Collective Action Members)

  45. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

  46. Plaintiff Black consents in writing to be a party to this action under 29 U.S.C. § 216(b), which is attached to this Complaint and incorporated by reference.

  47. At all relevant times, Club Vanity employed Plaintiff Black and the Collective Action Members within the meaning of the FLSA.

  48. Club Vanity knowingly failed to pay Plaintiff Black and the Collective Action Members the minimum wages to which they were entitled under the FLSA by failing to pay them any wages.

  49. Club Vanity was required to pay Plaintiff Black and the Collective Action Members the minimum wage rate for all hours worked.

  50. Because Club Vanity's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Black and the Class Action Members)

  51. Plaintiff Black realleges every preceding allegation as if set forth fully

herein.

52. Club Vanity is an "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Black and the Class Action Members.

53. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Club Vanity and protect Plaintiff Black and the Class Action Members.

54. Under the Labor Law and supporting New York State Department of Labor Regulations, Club Vanity was required to pay Plaintiff Black and the Class Action Members the statutory minimum wage.

55. Upon information and belief, Club Vanity failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

56. Club Vanity willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Black and the Class Action Members the minimum wage.

THIRD CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES UNDER THE FLSA
(On Behalf of Plaintiff Black and the Collective Action Members)

57. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

58. Club Vanity willfully violated 29 U.S.C. § 203(m)(2)(B) by unlawfully retaining a portion of the gratuities that should be remitted to Plaintiff Black and the

Collective Action Members.

## FOURTH CAUSE OF ACTION
## UNLAWFULLY RETAINED GRATUITIES
## UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Black and the Class Action Members)

59. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

60. Club Vanity willfully violated N.Y. Lab. Law § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to Plaintiff Black and the Class Action Members.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE
## UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Black and the Class Action Members)

61. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

62. Club Vanity willfully failed to supply Plaintiff Black and the Class Action Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

63. Due to Club Vanity's violations of N.Y. Lab. Law § 195.1, Plaintiff Black and the Class Action Members are entitled to recover from Club Vanity $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Black and the Class Action Members)

64. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

65. Club Vanity willfully failed to supply Plaintiff Black and the Class Action Members with an accurate wage statement with each payment of wages, violating N.Y. Lab. Law § 195.3.

66. Due to Club Vanity's violations of N.Y. Lab. Law § 195.3, Plaintiff Black and the Class Action Members are entitled to recover from Club Vanity $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

SEVENTH CAUSE OF ACTION
UNLAWFUL DEDUCTIONS UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Black and the Class Action Members)

67. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

68. Club Vanity unlawfully deducted part of Plaintiff Black and the Class Action Members' wages by requiring them to pay a house fee in advance of each shift they worked.

69. The deductions Club Vanity made from Plaintiff Black and the Class Action Members' wages were not authorized or required by law.

70. Club Vanity willfully violated the Labor Law, Article 6 §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations by requiring Plaintiff

Black and the Class Action Members to pay house fees in order to work.

### EIGHTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
### (On Behalf of Plaintiff Black)

71. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

72. Club Vanity had a duty to supervise and prevent known risks of harm to its employees, those engaging with its employees and those attending Club Vanity and coming on its premises, including Plaintiff Black, who were under the supervision and control of Club Vanity.

73. Club Vanity and/or its agents, servants or employees negligently supervised its bouncers, and others, who were carless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge, skill and moral character to properly supervise its employees, including Plaintiff Black.

74. Club Vanity and/or its agents, servants or employees knew or should have known that the Club Vanity bouncers assaulted its employees, including Plaintiff Black, and/or had the capacity or propensity to do so.

75. As a result of such negligent supervision, Plaintiff Black has suffered serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not yet been ascertained.

76. By reason of the foregoing, Plaintiff Black is entitled to compensatory damages from Club Vanity in such sums as a jury would find fair, just and adequate.

77. Plaintiff Black is further entitled to punitive damages from Club Vanity in

such sums as a jury would find fair, just and adequate.

## NINTH CAUSE OF ACTION
### ASSUALT
(As against John Does 1-3)

78. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

79. John Does 1-3, Vanity Club's bouncers, predatory, abusive, manipulative and/or unlawful acts against Plaintiff Black created a reasonable apprehension in Plaintiff Black of immediate harmful or offensive conduct to her person, all of which John Does 1-3 did without her consent.

80. As a direct and proximate result of the assault, Plaintiff Black has sustained in the past, and will continue to sustain in the future, serious and severe psychological injurie and emotional distress, mental anguish, embarrassment and humiliation.

81. As a direct and proximate result of the assault, Plaintiff Black has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassing and humiliation.

## TENTH CAUSE OF ACTION
### BATTERY
(As against John Does 1-3)

82. Plaintiff Black realleges every preceding allegation as if set forth fully herein.

83. Plaintiff Black realleges every preceding allegation as if set forth fully

herein.

84. In August 2021, John Does 1-3 touched Plaintiff Black's buttocks and private parts and pushed her cell phone into her chest.

85. John Does 1-3's unlawful, abusive, manipulative and/or predatory acts against Plaintiff Black mounted to a series of harmful and offensive contacts to Plaintiff Black's person, which John Does1-3 intentionally committed without Plaintiff Black's consent.

86. As a direct and proximate result of the battery, Plaintiff Black has sustained in the past, and will continue to sustain in the future, serious and severe psychological injuries and emotional distress, mental anguish, embarrassment and humiliation.

87. Plaintiff Black is entitled to punitive and exemplary damages in such as a jury would find fair, just and appropriate to deter others from future similar misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Black, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Black and her counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by

filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Black and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

  c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

  d. An injunction against Club Vanity and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  e. An award for unpaid minimum wages under the Labor Law and the FLSA;

  f. An award for unlawfully retained gratuities under the Labor Law and the FLSA;

  g. An award for reimbursement of unlawful deductions under the Labor Law;

  h. An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

  i. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

  j. An award of liquidated damages as a result of Club Vanity's Labor Law and FLSA violations;

  k. Equitably tolling the statute of limitations under the FLSA;

    l. An award to Plaintiff Black for punitive, liquidated and compensatory damages including damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress.

    a. An award of pre-judgment and post-judgment interest;

    b. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    c. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Black demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
   August 26, 2021

          LIPSKY LOWE LLP


          s/ Douglas B. Lipsky
          Douglas B. Lipsky
          Sara Isaacson
          420 Lexington Avenue, Suite 1830
          New York, New York 10170-1830
          Tel: 212.392.4772
          Fax: 212.444.1030
          doug@lipskylowe.com
          sara@lipskylowe.com