UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

NASHAY BLACK, *individually and on behalf of all other similarly situated persons*,

                          Plaintiff,

        v.

7714 ENTERTAINMENT, CORP. *d/b/a* CLUB VANITY GENTLEMEN'S CLUB and JOHN DOES 1-3,

                          Defendants.

-------------------------------------------------------------------

**MEMORANDUM & ORDER**
21-CV-4829 (MKB) (TAM)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Nashay Black, individually and on behalf of all other similarly situated persons, commenced the above-captioned class and collective action on August 26, 2021, against Defendants 7714 Entertainment, Corp. doing business as Club Vanity Gentlemen's Club ("Club Vanity") and John Does 1-3.  (Compl., Docket Entry No. 1.)  Plaintiff alleges violations of the Fair Labor Standards Act and the New York Labor Law and a negligent supervision claim against Club Vanity and assault and battery claims against John Does 1-3.  (*Id.* ¶¶ 2–4, 45–87.)  Club Vanity failed to appear or otherwise defend this action, and the Clerk of Court entered default against it on January 11, 2022.  (Clerk's Entry of Default, Docket Entry No. 11.)  John Does 1-3 have not been identified or served.  On January 14, 2022, Plaintiff moved for default judgment against Club Vanity, (Pl.'s Mot. for Default J., Docket Entry No. 12), and, on January 20, 2022, the Court referred the motion to Magistrate Judge Taryn A. Merkl for a report and recommendation, (Order Referring Mot. dated Jan. 20, 2022).

By report and recommendation dated July 29, 2022, Judge Merkl recommended that the Court grant Plaintiff's default judgment motion against Club Vanity and award Plaintiff (1) a sum of $75,990, comprised of "$21,570 in compensatory damages; $21,570 in liquidated damages; $7,850 in statutory damages; and $25,000 in emotional distress damages"; (2) "prejudgment interest on Plaintiff's unpaid overtime wages and gratuities of $21,570 . . . at a per diem interest rate of $5.32 from February 13, 2020, to the date of the judgment"; (3) post-judgment interest "at the rate set forth in 28 U.S.C. § 1961(a)" from the date of entry of judgment until the date of payment; and (4) "a fifteen-percent increase in damages under the NYLL (which total $50,990), not including post-judgment interest, for any amounts that are not paid within ninety days of the judgment or the expiration of time to appeal," (the "R&R"). (R&R 34–35, Docket Entry No. 22.) Judge Merkl also recommended that "the claims against John Does 1–3 be dismissed without prejudice since these individuals have not been identified or served."[1] (*Id.* at 35; *see also id.* at 1 n.1.)

No objections to the R&R have been filed and the time for doing so has passed.

---

[1] On June 29, 2022, Plaintiff's counsel filed a motion to withdraw and a declaration supporting the motion to withdraw. (Pl.'s Counsel's Mot. to Withdraw, Docket Entry No. 20; Pl.'s Counsel's Decl. in Supp. of Withdrawal, Docket Entry No. 21.) Judge Merkl reserved judgment on the motion, (R&R 5 n.3), and, in light of the motion, also reserved judgment on Plaintiff's counsel's requested attorneys' fees in connection with Plaintiff's default judgment motion, (*id.* at 25 n.8). On August 10, 2022, Judge Merkl held a hearing regarding the motion to withdraw and directed Plaintiff's counsel to file a letter by August 12, 2022, "informing the [c]ourt as to whether Plaintiff's counsel will be maintaining the motion to withdraw" and providing "their position on the request for attorney fees." (Order dated Aug. 10, 2022.) On August 12, 2022, Plaintiff's counsel filed a letter informing the court they intend to maintain the motion to withdraw but will not request attorneys' fees. (Pl.'s Counsel's Letter, Docket Entry No. 24.) On August 15, 2022, Judge Merkl granted the motion to withdraw on consent of Plaintiff, noting "that Plaintiff's counsel has indicated their intention to waive attorneys' fees in this matter." (Order dated Aug. 15, 2022.) In view of Plaintiff's counsel's letter, the Court denies Plaintiff's request for attorneys' fees as moot.

I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

For the foregoing reasons, the Court adopts the R&R and grants Plaintiff's motion for a default judgment against Club Vanity.  The Court awards Plaintiff (1) a sum of $75,990, comprised of: $21,570 in compensatory damages; $21,570 in liquidated damages; $7,850 in statutory damages; and $25,000 in emotional distress damages; (2) prejudgment interest on Plaintiff's unpaid overtime wages and gratuities of $21,570 at a per diem interest rate of $5.32 from February 13, 2020, to the date of the judgment; (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a) from the date of entry of judgment until the date of payment; and (4) a fifteen-percent increase in damages under the NYLL (which total $50,990), not including post-judgment interest, for any amounts that are not paid within ninety days of the judgment or the expiration of time to appeal.  The Court denies counsel's request for attorneys' fees as moot.  In addition, the Court dismisses the claims against John Does 1–3 without prejudice because they have not been identified or served.

Plaintiff is directed to serve copies of this Order upon Defendants at their last known address and to file proof of service with the Court.  The Clerk of Court is respectfully directed to close this case.

Dated: August 24, 2022
       Brooklyn, New York

                                                    SO ORDERED:

                                                        s/ MKB

                                                MARGO K. BRODIE
                                                United States District Judge