UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
NASHAY BLACK,

                Plaintiff,

       -against-

7714 ENTERTAINMENT, CORP. d/b/a
CLUB VANITY GENTLEMEN'S CLUB,

                Defendant.
------------------------------------------------------------X

**ORDER**
21-CV-4829 (MKB) (TAM)
23-MC-1472 (MKB) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

        Plaintiff Nashay Black initiated a civil action against Defendants 7714 Entertainment, Corp. doing business as Club Vanity Gentlemen's Club ("Club Vanity") and John Does 1–3 ("Defendants") on August 26, 2021. (Complaint ("Compl."), 21-CV-4829, ECF No. 1.) Plaintiff alleged various claims, including violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) *et seq.* ("FLSA") and the New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* (*Id.*) On January 14, 2022, Plaintiff filed a motion for default judgment against Defendant Club Vanity. (Mot. for Default J., 21-CV-4829, ECF No. 12.) On July 29, 2022, this Court issued a report and recommendation, recommending granting Plaintiff's motion for default judgment against Club Vanity. (Report and Recommendation, 21-CV-4829, ECF No. 22.) On August 24, 2022, the Honorable Margo K. Brodie adopted the undersigned's report and recommendation and granted Plaintiff's motion for default judgment. (Order Adopting Report and Recommendation, 21-CV-4829, ECF No. 27.) On August 25, 2022, the Clerk of Court entered judgment against Club Vanity ordering it to pay Plaintiff $80,905.68 plus post-judgment interest. (Judgment, 21-CV-4829, ECF No. 28.)

On May 12, 2023, Plaintiff filed a motion to compel, "seeking an information subpoena to be issued to the IRS (Internal Revenue Service) to request information about the defendants' [finances and ownership]." (Mot. to Compel, 21-CV-4829, ECF No. 29.) A "miscellaneous" action was later created in this District under case caption *Black v. 7714 Entertainment, Corp.*, 23-MC-1472 (MKB) (TAM) to address Plaintiff's subpoena requests. In that action, on June 1, 2023, Plaintiff, who is acting *pro se*, sought the assistance of the Clerk of Court in preparing a proposed subpoena to be submitted to the IRS. (Proposed Subpoena, 23-MC-1472, ECF No. 2.) Plaintiff subsequently filed a "motion to enforce judgment" in the miscellaneous case, requesting that this Court So Order the information subpoena to the IRS that had been prepared by the Clerk's Office. (Mot. to Enforce Judgment, 23-MC-1472, ECF No. 3.) Plaintiff also filed a subsequent letter, reiterating her request. (June 9, 2023 Letter, 23-MC-1472, ECF No. 4.)

On June 21, 2023, Plaintiff thereafter submitted another letter, requesting "a bank account levy on the defendant's bank account," seeking "a general bank account levy" because she does "not have the defendant's bank account number . . . ." (June 21, 2023 Letter, 23-MC-1472, ECF No. 5.)

For the reasons set forth below, the Court denies Plaintiff's motion to compel, denies Plaintiff's request for an IRS subpoena, and denies Plaintiff's request to levy Defendant's bank account without prejudice to renew in the event that specific banking institutions or assets can be identified.

## DISCUSSION

**I. Information Subpoena Directed at the IRS**

**A. Plaintiff's Requests**

Plaintiff's motion to compel makes the following request:

> Hi, I'm seeking an information subpoena to be issued to the IRS (Internal Revenue Service) to request information about the defendants' reported monthly and/or yearly income, the name of the banks they have accounts with if known, the owner name of the business 7714 entertainment corporation doing business as Club Vanity if known and The defendant EIN so I can locate the defendants' bank accounts/monetary assets. The defendant is not responding to me, In the information subpoena I asked the defendant to provide payment and their EIN number but they refused to answer, is currently still refusing and they attended no court dates. The attached files is documents that I requested payment or information and they did not answer the information subpoena. Also, I'm requesting that I can be allowed to issue the information subpoena to the IRS (Internal Revenue Service) myself without hiring a process server and without using a friend or relative.

(Mot. to Compel, 21-CV-4829, ECF No. 29.) Plaintiff makes largely the same requests in her motion to enforce judgment and her follow up letter in the 23-MC-1472 case:

> I'm requesting for my information subpoena directed to the IRS (Internal Revenue Service) to be sealed, stamped and signed. It's already been signed by the court deputy clerk. I just need it sealed and stamped. I have a referral case number, the case number is open/active and I need the information subpoena to execute the judgment.

(Mot. to Enforce Judgment, 23-MC-1472, ECF No. 3; *see also* June 9, 2023 Letter, 23-MC-1472, ECF No. 4 ("I'm requesting that the IRS release information such as the defendant EIN, name of the business owner or owners if applicable, active and recent Bank account institution names and account numbers that contains the defendant's assets so I can proceed further steps to enforce the judgement.").)

3

B.  **IRS Records Requests**

1. *Applicable Law*

In general, tax "[r]eturns and return information shall be confidential," unless disclosure is authorized by statute. 26 U.S.C. § 6103(a). Under 26 C.F.R. § 301.9000-5(a), "[a] request or demand for IRS records or information for use in a non-IRS matter shall be accompanied by a written statement made by or on behalf of the party seeking the testimony or disclosure of IRS records or information . . . ." The written statement shall set forth:

> (1) A brief description of the parties to and subject matter of the proceeding and the issues;
>
> (2) A summary of the testimony, IRS records or information sought, the relevance to the proceeding, and the estimated volume of IRS records involved;
>
> (3) The time that will be required to present the testimony (on both direct and cross examination);
>
> (4) Whether any of the IRS records or information is a return or is return information (as defined in section 6103(b) of the Internal Revenue Code (Code)), or tax convention information (as defined in section 6105(c)(1) of the Code), and the statutory authority for the disclosure of the return or return information (and, if no consent to disclose pursuant to section 6103(c) of the Code accompanies the request or demand, the reason consent is not necessary);
>
> (5) Whether a declaration of an IRS officer, employee or contractor under penalties of perjury pursuant to 28 U.S.C. 1746 would suffice in lieu of deposition or trial testimony;
>
> (6) Whether deposition or trial testimony is necessary in a situation in which IRS records may be authenticated without testimony under applicable rules of evidence and procedure;
>
> (7) Whether IRS records or information are available from other sources; and
>
> (8) A statement that the request or demand allows a reasonable time (generally at least fifteen business days) for compliance.

4

*Id.* Consistent with the procedures that federal agencies follow after the Supreme Court's ruling in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the IRS has specific regulations that govern requests and disclosure of protected IRS information. For example, the IRS has standards related to the procedures following receipt of a request for information (*see* 26 C.F.R. § 301.9000-4) and the considerations it reviews when responding to such requests (*see* 26 C.F.R. § 301.9000-2). The IRS also has specific procedures, detailed on the IRS website, regarding how people can access publicly-available tax records or submit a Freedom of Information Act ("FOIA") request with regard to tax records. *See* Routine Access to IRS Records, https://www.irs.gov/privacy-disclosure/routine-access-to-irs-records.

As observed by the court in *Carbone v. Martin*, in a case declining to "so order" three subpoenas to the IRS sought by a *pro se* plaintiff:

> A party to an adversary proceeding in which the United States is not a party which seeks to obtain documents from a federal agency for use in that adversary proceeding must follow the Touhy regulations applicable to that agency. *In re Grabis*, No. 13-10669, 2018 WL 6132045, at *7 (Bankr. S.D.N.Y. Nov. 20, 2018) (citing *Touhy*, 340 U.S. at 468). The Department of the Treasury has its own set of Touhy regulations set forth at 31 C.F.R. § 1.11 and throughout 26 C.F.R. §§ 301.9001-1 to -7. Based on the text of these regulations, a party requesting records or information from the IRS must provide the agency with a written statement which includes various information set forth under 26 C.F.R. §§ 301.9001–5. The subpoenas submitted by the Plaintiff are not accompanied with such a written statement and, therefore, do not comply with the applicable Touhy regulations.

2021 WL 1224102, at *1 (E.D.N.Y. Mar. 31, 2021).

2. *Analysis*

In this case, Plaintiff has not submitted a proposed subpoena, but requested assistance from the Clerk of Court in preparing one in light of her *pro se* status. She now seeks to have that subpoena So Ordered by this Court. Although the Court is

5

sympathetic to Plaintiff's interest in obtaining information from the IRS so that she may seek to enforce the Judgment that has been entered against her former employer, the Court cannot direct a federal agency to release records in a manner that does not comply with the relevant agency's *Touhy* regulations. Accordingly, Plaintiff's request for a subpoena to the IRS, as currently proposed, is denied without prejudice. Plaintiff is respectfully directed to follow the IRS's procedures for seeking to obtain information, by, for example, filing a FOIA request, or serving a subpoena on the IRS directly, which includes the required written statement. This is because this Court "has no authority to direct a federal agency — which is a non-party to this action — through the vehicle of a subpoena to take affirmative steps . . . ." *Carbone*, 2021 WL 1224102, at *2.

## II. Plaintiff's Request for a Bank Account Levy

Also in support of her efforts to enforce the Judgment, Plaintiff has requested that the Court enter "a general bank account levy" because she does "not have the defendant's bank account number . . . ." (June 21, 2023 Letter, 23-MC-1472, ECF No. 5.) The Court has no general authority or mechanism to issue a levy to the dozens of banks in New York. The Court notes, however, that Plaintiff may wish to pursue efforts to collect the Judgment in state court, in the jurisdiction where the debtor has assets. *See* Collecting the Judgment, https://www.nycourts.gov/courts/nyc/civil/collectingjudg.shtml.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's request that this Court So Order the requested subpoena to the IRS. Plaintiff's request for a "general bank levy" is also denied. For free, limited-scope legal assistance, Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or visiting https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

**SO ORDERED.**

Dated: Brooklyn, New York
         July 17, 2023

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE